## Commonwealth v. Dayhoff

*Bard & Brown*, for petitioner; *Paul A. Mueller*, district attorney, contra.

SCHAEFFER, J., March 4, 1933.—The defendant was arrested for operating a motor vehicle while intoxicated. He entered into a recognizance in the sum of $1,000 for his appearance in court, with Charles H. Snyder and John H. Keller, of Gettysburg, Adams County, Pa., as sureties. The sureties deposited cash bail. The defendant appeared in court, pleaded guilty, and was sentenced to pay a fine of $200 and costs of prosecution and to undergo imprisonment for a period of 18 months. One hundred and sixteen dollars, representing costs of $111 and a commission of $5, has been retained by the clerk of quarter sessions, the balance of the cash deposit having been refunded to the two sureties. No cash was withheld by the clerk for the fine of $200.

The question involved in this proceeding arises upon petition and answer, no depositions having been taken. The record shows not only cash bail to have been deposited by the sureties on their own behalf, and not by the defendant or

on his behalf, but in addition a formal recognizance in the usual form was entered into and executed by both defendant and the sureties. There was no forfeiture of the bail. In the absence of proof to the contrary, these facts will be considered as admitted, and it was so understood by the parties in interest at the time of argument.

May the clerk of quarter sessions, therefore, under these facts deduct from the cash bail deposited by the two sureties in connection with a recognizance for the appearance of the defendant in court, the fine and costs, or either, and refund only the net balance thereof?

The Act of May 12, 1921, P. L. 548, provides that in criminal or quasi-criminal prosecutions, in lieu of bail and recognizances with surety or sureties, the party or parties required to give such bail or recognizances are authorized and allowed to deposit with the clerk of the court the amount in cash in which bail or recognizance is required. In case there is no forfeiture or breach of condition of the bail or recognizance entered by the defendant or defendants, the clerk shall pay said money deposited to the defendant or defendants, after deducting his commission.

The Act of March 19, 1925, P. L. 49, amends sections 1 and 2 of said Act of 1921, and provides:

"Section 1. . . . . or any other person or persons in their behalf, are hereby authorized and allowed to deposit, with the clerk of the respective court in which said prosecution or proceeding is pending, the amount in which bail or recognizance is required . . . .

"Section 2. . . . . In case there is no forfeiture or breach of condition of the bail or recognizance entered by the defendant or defendants in the prosecution or proceeding, and the same is terminated, then, upon the order of the court, the clerk shall pay said money deposited to the defendant or defendants, or to the person or persons depositing the same in their behalf, after the deduction of his commission as hereinbefore provided."

Under the Act of 1921 the defendant only could deposit cash bail. The 1925 act either extends or qualifies that right by adding thereto, "or any other person or persons in their behalf," and provides likewise as to the refunding of such a cash deposit.

The petitioners contend that under the Act of 1925 the sureties are entitled to all the cash bail, less the commission. The clerk of quarter sessions claims that the words added by the Act of 1925 "merely enable other people to do for the defendant what was formerly his own personal right. They remove the hardship incident to the possible physical inability of the defendant to put up this cash bail." The Commonwealth, therefore, takes the position that the clerk has the legal right to deduct from the cash bail the fine and costs and pay to the depositors only the net balance.

The Act of 1921 has been construed by the courts, but it appears that there is no decision directly interpreting the Act of 1925 with reference to the matter now in controversy. As already stated, the defendant alone could furnish cash bail under the Act of 1921 in lieu of a recognizance with surety. In the case at bar, a recognizance with sureties was filed and approved, and nonresidents deposited cash to support their suretyship thereon.

In Commonwealth v. Coffin, 7 D. & C. 736, Judge Reno of Lehigh County decided that under the Act of 1921 the county can set off its claim for the fine and costs against the cash bail deposited by a defendant, on the ground that the defendant was a creditor of the county and likewise became a debtor when he was sentenced to pay a fine and costs. In that case, defendant's wife asked to have the cash deposit refunded to her as belonging to her, but the record

failed to show such ownership in her, and the court held that under the Act of 1921 cash bail could only be received from the defendant. The court said: "It can recognize as owner only that party who, by the terms of the act, was allowed to deposit cash in lieu of entering into formal recognizance with surety."

On the other hand, in Gill's Petition, 6 D. & C. 662, Judge Ross of York County decided that a nonresident surety on a recognizance for the appearance of the defendant for trial in court was entitled to receive back the cash deposited to make satisfactory his recognizance, without deduction of the costs or a fine imposed by the court. The court allowed only the commission to the clerk of the court in accordance with the Act of May 12, 1921, P. L. 548. The court in its opinion said (p. 665):

"We believe that the terms of the recognizance were complied with by John Gill, who acted as surety for the accused on his recognizance, and the money placed with the clerk, with the consent of the court, should be returned to him because the requirements of the recognizance have been completely fulfilled. The cash deposited under the Act of May 12, 1921, P. L. 548, was not in lieu of other bail, but was in addition to the other bail, because the person, John Gill, acting as bail, resided out of the County of York, out of the jurisdiction of this court, and it was not deposited in place or stead of proper surety, but to support the proper surety on the recognizance. That recognizance was a recognizance to appear and answer to the charge preferred, and nothing more. The defendant was not the owner of the money deposited, but it was made plain in court that the money deposited was the money of the surety on the recognizance because he was not a citizen in the district judicially supervised by this court."

The Commonwealth relies principally on the case of Commonwealth v. Harris et al., 11 D. & C. 1. However, in that case the facts are different from the instant case as the bail was forfeited because defendant failed to appear for trial. The question at issue in that case is mainly the right of a minor who put up cash bail to repudiate his contract and ask to have it refunded. Judge Alessandroni of Philadelphia in his opinion referred to both the Act of 1921 and the Act of 1925. He said:

"Section 1 of the Act of 1925 simply allowed others to do what the defendant could not do for herself. The condition of that deposit, whether made by the defendant herself or by some one in her behalf, was that she would appear for trial; failing to do that, the bail is forfeited to the Commonwealth. The cases cited by the petitioner establishing the invalidity of a minor's contract have no application here. There was no contract of suretyship between the Commonwealth and Martin Cohn. Under the law as we view it, the right to deposit cash bail is given only to the defendant. The language of the Act of 1925, providing that others may deposit it in her behalf, does not make the person depositing it in behalf of Dorothy Harris a surety."

The court said also:

"Any defendant, or some one acting in her behalf, might, under these acts, deposit cash in the sum required without the execution of a bond or recognizance in the usual form."

The court therefore concludes from the particular facts of this case, which are similar to the case of Gill's Petition, supra, that the clerk of quarter sessions is entitled to retain only $5 as his commission and is obliged to refund to said two sureties the balance of $111. It must appear, and it is admitted in this case, that the cash was deposited by the surety or sureties on their behalf to justify or support their suretyship and not on behalf of the defendant or by the defendant through the intervention of or with the connivance of the sureties to escape payment of the fine and costs.

Accordingly, the court orders the clerk of quarter sessions or custodian of said balance of $116 to retain his commission of $5 and pay to Charles H. Snyder and John H. Keller, the sureties, $111, as aforesaid.

From George Ross Eshleman, Lancaster, Pa.